IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIRK VINCENT MAXWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-8008-VEH |
| | ) | 2:12-cr-210-VEH-JHE) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Kirk Vincent Maxwell (hereinafter "Maxwell" or the "defendant") initiated the present action on February 15, 2019, by filing a pro se document asking this Court to "Immediate[ly] Release" him from "federal prison" and to "Vacat[e]". (Doc. 1 at 1). The Court treats this filing as a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. §2255. The document is signed "His Majesty King William V of the United Kingdom." (*Id.*). The Court assumes without deciding that this signature is sufficient.

The filing is predicated upon two assertions: (1) that "the I.C.E. agents committed fraud on this Court" and "lied" (*id.*); and (2) that "the United States Courts did not have jurisdiction over [defendant]" because he is "the Sovereign of the United Kingdom". (*Id.*).

The Court takes judicial notice that the pending petition is defendant's third petition brought pursuant to 28 U.S.C. § 2255. *See* Motion To Vacate, *Kirk Vincent Maxwell v. United States*, 2:16-cv-8015-VEH. That motion was denied by the undersigned on March 22, 2016. *See also* Motion To Vacate, *Kirk V. Maxwell v. United States*, 2:17-cv-9042-VEH). That motion was denied by the undersigned for lack of jurisdiction on November 15, 2017. The court further takes judicial notice that defendant has not demonstrated that he has permission from the Eleventh Circuit Court of Appeals to file this successive petition.

"[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A). Because defendant has previously sought collateral relief pursuant to § 2255 which was dismissed, and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion. *Darby v. Hawk–Sawyer*, 405 F.3d 942, 944–45 (11th Cir.2005); *Farris v. U.S.,* 333 F.3d 1211 (2003) (same); *United States v. Harris*, 546 Fed. Appx. 898, 900 (11th Cir.2013) (unpublished opinion) ("A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a court of appeals.") (citations omitted).

Because this court lacks jurisdiction to entertain the instant § 2255 Petition, this action is hereby **DISMISSED WITHOUT PREJUDICE** to allow defendant the opportunity to seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion.

## ORDER

**ACCORDINGLY**, it is **ORDERED** that:

1. The pending motion to vacate, set aside, or correct sentence (Doc. 1) is **DISMISSED**, without prejudice, for lack of jurisdiction.

2. The Clerk is directed to term all pending motions within this case file and the associated criminal case, *United States v. Maxwell*, 2:12-cr-210-VEH-JHE.

3. The Clerk is further directed to send defendant the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

**DONE** and **ORDERED** this the 4th day of March, 2019.

*[signature]*
**VIRGINIA EMERSON HOPKINS**
United States District Judge